**LAKES v LAKES, Admr, Etc**

Ohio Appeals, 1st Dist, Butler Co

No 569. Decided May 8, 1933

Woodruff & Primmer, Hamilton, for plaintiff in error.

Harry S. Wonnell, Hamilton, for defendant in error.

**OPINION**

By HAMILTON, PJ.

It must be borne in mind that the court in confirming the sale of real estate ordered the mortgage liens to be paid in full. The administrator obeyed that order and no objection or exception was taken to the order. The Probate Court thereupon overruled the exception and the exception appealed to the Common Pleas Court. The Common Pleas Court found in favor of the administrator and overruled the exception. From that judgment error is prosecuted to this court.

As heretofore stated, the sole question is whether or not the administrator should have collected his commission at the time of the sale of real estate or did he have the right to calculate his commission on the whole estate and pay his commission from

the funds in hand arising from the personal property.

In the case of **Klimper v Klimper, 12 Oh Ap 332**, this court held that the commission of the administrator in the sale of real estate in the proceeding to settle an estate out of the proceeds of the sale as against a mortgage only when there is no personal property or other assets of the estate to pay the commission of the administrator, or to say conversely, the administrator may pay himself per centum compensation out of the proceeds · of the sale as against a mortgage if there is no other property out of which to pay the same, provided the sale is in good faith. If there is other property, a mortgage lien may not be reduced by the taking out of the proceeds the administrator's commission.

Applying that rule to this case, the administrator would not have had the right to pay his per centum out of the proceeds of the real estate thus reducing the payments·on the mortgage liens. The decision of the trial court was in accordance with the case of **Klimper v Klimper, 12 Oh Ap 332** and **Stone v Strong, 42 Oh St 53**, and the judgment is affirmed.

ROSS and CUSHING, JJ, concur.